J-S43026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CORLYNN MCGEORGE PARKER | : | |
| | : | |
| Appellant | : | No. 542 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 9, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004407-2020

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: MARCH 8, 2024**

Appellant, Corlynn McGeorge Parker, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial conviction for carrying a firearm without a license.[1] We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this appeal are as follows. On September 29, 2020, Detective Kenneth Platt of the Swatara Township Police Department was on duty with his partner, Detective Corkle. At approximately 1:50 p.m., the detectives entered the parking lot of a Howard Johnson's hotel as part of their patrol duties. The detectives knew that the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6106(a)(1).

parking lot was a "high-crime area," and narcotics trafficking at local hotels had become "a problem." (N.T. Trial, 7/20/21, at 20).

As the detectives drove to the back of the hotel, they observed a silver Mitsubishi SUV parked in the lot. Detective Platt checked the SUV's license plate number, which revealed that it was registered to Appellant's mother. The detectives drove closer to the SUV and saw Appellant standing next to the driver's side door, which was open. Another individual, Tamarion Brown, "was leaning out of the" rear door on the passenger's side. (*Id.* at 24). A third person, Kioara Lifhred, was seated in the rear of the SUV on the driver's side.

Mr. Brown "had a cigar in his hand, and he was taking the tobacco contents out of the cigar and shelling it out on … the ground there at the car door." (*Id.*) The detectives believed that Mr. Brown was preparing to smoke marijuana, and they approached the SUV and its occupants. Detective Platt immediately detected "the odor of burnt marijuana coming from the area of the vehicle." (*Id.* at 25). Detective Platt asked Mr. Brown to step out of the SUV, and Mr. Brown complied. As Mr. Brown exited the SUV, Detective Platt saw the magazine for a firearm and other ammunition on the floor of the backseat. With Mr. Brown outside the SUV, Detective Platt saw "the back strap of a firearm protruding from" underneath the driver's seat. (*Id.*)

Detective Platt notified Detective Corkle about the presence of the firearm, and Detective Corkle detained Appellant. At that point, Ms. Lifhred attempted to flee on foot. Detective Corkle gave chase and apprehended Ms.

Lifhred inside the hotel. Additional units responded to the scene, and Detective Platt continued to look through "the open driver-side door" for contraband in plain view. (*Id.* at 26). Detective Platt saw "another magazine visible in the center cup holder of the vehicle," and he also "observed a round on the driver's floor mat." (*Id.*)

Shortly thereafter, Appellant's mother arrived at the scene and informed the detectives that Appellant had been staying at the hotel with his friend, Danielle Cruz. Police went to Appellant's room and obtained verbal consent from Ms. Cruz to conduct a search. Inside the room, police recovered more ammunition. The detectives subsequently interviewed Appellant. After receiving *Miranda*[2] warnings, Appellant "said that the gun in the car is mine[.]" (*Id.* at 43). Further investigation revealed that Appellant did not have a license to carry the firearm.

Following trial, a jury convicted Appellant of carrying a firearm without a license. On February 9, 2023, the court sentenced Appellant to three and one-half (3½) to seven (7) years' imprisonment. On March 7, 2023, Appellant filed a post-sentence motion *nunc pro tunc*. In it, Appellant explained that he failed to file a timely post-sentence motion "due to a miscommunication" with counsel. (*Nunc Pro Tunc* Motion, filed 3/7/23, at ¶4). Appellant also argued that Detective Platt "lied on numerous occasions" during trial. (*Id.* at ¶6).

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Considering the purportedly false testimony, Appellant concluded that the verdict was against the weight of the evidence. By order entered March 9, 2023, the court expressly permitted Appellant to seek *nunc pro tunc* relief. Nevertheless, the court rejected Appellant's challenge to the weight of the evidence.

On April 7, 2023, Appellant timely filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on April 18, 2023. Following an extension, counsel filed a statement of intent to withdraw, pursuant to Rule 1925(c)(4). Counsel subsequently filed an application to withdraw and an appellate brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015).

- 4 -

After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \*   \*   \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's reference to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed an application to withdraw. The application states that counsel reviewed the entire record and relevant law to determine that the appeal is frivolous. Counsel also supplied Appellant with a copy of the *Anders* brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

In the *Anders* brief, counsel provided a statement of facts and procedural history of the case. The argument section of the brief refers to relevant case law concerning Appellant's issues, and it provides citations to facts from the record. Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Appellant has not responded to the *Anders* brief *pro se* or with newly retained private counsel. Counsel raises the following issues on Appellant's behalf:

> Whether the trial court erred in accepting the jury's verdict where the Commonwealth failed to present sufficient evidence … where [Appellant] was found in close proximity to the firearm.
>
> Whether the trial court erred in accepting the jury's verdict which went against the weight of the evidence which established three individuals were in close proximity of the firearm.

(*Anders* Brief at 4) (footnote omitted).

On appeal, Appellant baldly asserts that the police witness lied at trial. Appellant also insists that constructive possession of contraband may be found in more than one person under certain circumstances. Here, Appellant emphasizes that two other people were inside the vehicle when the detectives approached. One of the individuals was preparing to smoke marijuana, and the other attempted to flee the scene. Moreover, Appellant reiterates that the firearm was not on his person; rather, the detectives found it on the floor of a vehicle that was registered to his mother. Under these circumstances, Appellant concludes that the Commonwealth presented insufficient evidence to establish his possession of the firearm. Appellant also concludes that the verdict was against the weight of the evidence. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where

the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting ***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

Additionally,

> The weight of the evidence is exclusively for the finder of the fact who is free to believe all, part or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the … verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellant court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

The Uniform Firearms Act provides, in relevant part, as follows:

### § 6106. Firearms not to be carried without a license

**(a) Offense defined.**—

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." **Commonwealth v. Jones**, 874 A.2d 108, 121 (Pa.Super. 2005) (quoting **Commonwealth v. Haskins**, 677 A.2d 328, 330 (Pa.Super. 1996)). "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." **Id.** "The intent to exercise conscious dominion can be inferred from the totality of the circumstances." **Id.** "Constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." **Commonwealth v. Valette**, 531 Pa. 384, 388, 613 A.2d 548, 550 (1992).

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

**Commonwealth v. Parrish**, 191 A.3d 31, 36-37 (Pa.Super. 2018), *appeal denied,* 651 Pa. 10, 202 A.3d 42 (2019) (internal citations and quotation marks omitted).

Instantly, the Commonwealth's evidence established that Appellant was

- 9 -

standing next to the driver's side door of his mother's SUV. The SUV was in a hotel parking lot that was known to police as a high-crime area. When the detectives observed Mr. Brown preparing to smoke marijuana in the back of the SUV, they decided to investigate the matter further. Detective Platt approached the SUV and asked Mr. Brown to exit the vehicle. As Mr. Brown exited, the detective saw a firearm and ammunition on the floor in the back of the SUV. Subsequent investigation revealed additional ammunition inside Appellant's hotel room. Later, Appellant provided a statement to police indicating that the firearm belonged to him.

Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, sufficient evidence supported the firearms conviction. *See Sebolka, supra*. Despite Appellant's bald assertion that Detective Platt lied during the trial, it was reasonable for the jury to credit the testimony regarding circumstantial evidence of constructive possession. *Id.* Under the totality of these circumstances, the Commonwealth demonstrated Appellant's conscious control or dominion over the firearm. *See Jones, supra*. Moreover, the court evaluated Appellant's post-sentence motion *nunc pro tunc* and determined that the verdict was not so contrary to the evidence as to shock one's sense of justice. We cannot say that the court abused its discretion in reaching this conclusion. *See Champney, supra*. Therefore, Appellant is not entitled to relief on his sufficiency and weight claims. Further, our independent review of the record does not reveal any additional, non-frivolous issues preserved

on appeal. ***See Palm, supra***. Accordingly, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/8/2024